UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STANDARD INSURANCE COMPANY,<br><br>        Interpleader Plaintiff,<br><br>        v.<br><br>ESTATE OF BRUCE JOSEPH KEELER,<br>BY AND THROUGH ITS PERSONAL<br>REPRESENTATIVE, HUGO BOWLES;<br>NANCY JONES; DANIEL KEELER;<br>DOUGLAS KEELER; and DUNCAN<br>KEELER,<br><br>        Defendants. | Case No. 03:18-CV-00494-AC<br><br>ORDER |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Standard Insurance Company ("Standard") filed this statutory interpleader action

to resolve conflicting claims for the proceeds of a $87,000 life insurance policy issued to Bruce Joseph Keeler ("Decedent"). Standard filed a Motion for Interpleader Deposit (ECF No. 11), seeking the court's permission to pay the proceeds of the insurance policy at issue into the court's registry. In the Supplemental Order to Deposit Funds (ECF No. 16), the Clerk of the Court was authorized to accept payment of $87,751.07, reflecting the interest earned on the original amount.

Standard filed a motion for Judgment in Interpleader (ECF No. 23) and the court issued an Order Granting Interpleader Plaintiff's Motion for Judgment in Interpleader (ECF No. 24) with an award of reasonable attorney fees to be determined. Currently before the court is Standard's unopposed Motion for Attorney Fees (ECF No. 29) for attorney Dallas S. DeLuca ("DeLuca"), and paralegal Heather K. Laske ("Laske"), in the amount of $8,775.10. For the following reasons, Standard's motion should be granted.

*Background*

The Decedent was covered by the Standard group life insurance policy ("Policy") issued to the Tri-County Metropolitan Transportation District of Oregon ("TriMet"), effective December 1, 2006. (Compl., ECF No. 1, at 3.) Under the Policy, the Decedent was provided with Basic Life Insurance benefits equal to the amount of his annual salary, rounded up to the next highest multiple of one thousand dollars. (*Id.*)

The Decedent passed away in July 2017. (*Id.*) The named beneficiary of the Policy is Patricia Keeler who predeceased the Decedent. (*Id.*) There was no named contingent beneficiary. (*Id.*) The Policy provides, in the event that the named beneficiary and contingent beneficiaries, if any, predecease the insured, then Standard will pay the benefits of the Policy in equal shares to the highest class of surviving beneficiary in the following order: spouse, children, parents, brothers and

sisters, and the estate. (*Id.* at 3–4.) The Decedent has no children, no legally married spouse, and both of his parents predeceased him. (*Id.* at 4.) The Policy includes a "Group Insurance Policy Endorsement" which provides that "only to the extent that the existing language [of the Policy] does not meet the minimum requirements of Oregon law" then the term "Spouse" is defined to include a domestic partner. (*Id.*)

After the Decedent passed, Nancy Jones ("Jones") completed and returned to Standard a Beneficiary Affidavit for Group Insurance. (*Id.* at 5.) Jones claims to have been the domestic partner of the Decedent, and claims benefits under the Policy. (*Id.* at 4.) In March 2007, the Decedent and Jones signed and had notarized a "TRIMET Affidavit of Domestic Partnership or Common Law Marriage" and indicated on that form that they were domestic partners as defined in that document. (*Id.*) In November 2008, the Decedent submitted a 2009 Annual Enrollment Election form to TriMet, indicating on that form that Jones was his domestic partner. (*Id.*)

The Personal Representative for the Estate, Hugo Bowles ("P.R."), claims benefits under the Policy for the Estate, and contends that Jones was not a domestic partner of the Decedent under Oregon law. (*Id.* at 5.) Also, three men claim to be the Decedent's half-brothers: Daniel Keeler, Douglas Keeler, and Duncan Keeler. (*Id.*) For the purposes of the Policy, Standard considers Daniel Keeler, Douglas Keeler, and Duncan Keeler as brothers to the Decedent. (*Id.*) The P.R. stated to Standard that "the status of the life insurance policy [is] a disputed claim such that no proceeds will be paid out until the rightful beneficiary is resolved." (*Id.* (alteration in original).) The P.R. moved for a temporary restraining order ("TRO") and a preliminary injunction against Standard to enjoin Standard from paying the Policy proceeds to anyone. (*Id.*) The Multnomah County Circuit Court granted the TRO, which expired on March 16, 2018, and denied the preliminary injunction. (*Id.* at

5–6.)

In June 2018, this court issued an Order discharging Standard from any and all liability relating to or arising out of the Policy or the Policy proceeds, and dismissed Standard from the action, while granting an award of reasonable attorney fees in an amount to be determined. (Granting Interpleader Pl.'s Mot. for J. in Interpleader, ECF No. 24, at 1.) Standard now moves for attorney fees in the amount of $8,775.10. (Unopposed Mot. for Att'y Fees, ECF No. 29.)

*Legal Standard*

Courts have discretion to award attorney fees and costs to a disinterested stakeholder in an interpleader action. *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984). Even if there is no objection to either the hours or the rates, the court has an independent duty to review the reasonableness of a fee petition. *Gates v. Deukmejian*, 987 F.2d 1392, 1398, 1401 (9th Cir. 1992). The amount of fees and costs to be awarded in an interpleader action is committed to the sound discretion of the district court, and is limited to those fees that are incurred in filing the action and pursuing the stakeholder's discharge from liability. *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir.1962).

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The party requesting the fees has the burden of producing "satisfactory evidence," in addition to the affidavits of its counsel that the requested rates are in step with those "prevailing in the community

for similar services by lawyers of reasonably comparable skill, experience and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The best evidence of the prevailing rate in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. LOCAL RULE OF CIVIL PROCEDURE 54–3; *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002); *Arnold v. Pfizer, Inc.*, No. 3:10–cv–01025–AC, 2015 WL 4603326, at *1 (D. Or. July 29, 2015). Fees and costs are to be paid out of the funds deposited into the registry. *Massachusetts Mut. Life Ins. Co. v. Morris*, 61 F.2d 104, 105 (9th Cir. 1932).

*Discussion*

The court reviewed the memorandum, declaration, and exhibit filed by Standard in support of attorney fees, and finds that the fees and costs incurred cited for the attorney, not the paralegal, align with the Oregon State Bar 2017 Economic Survey. Also, one of the cost bill items Standard identifies as "Internal Costs" (Decl. of Dallas S. DeLuca, ECF No. 30, Ex. 2.), is clerical in nature, and therefore, not recoverable.

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community" as well as the skill, experience, and reputation of the lawyer. *Blum*, 465 U.S. at 895; *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). As to the hourly rates charged, this court utilizes the Oregon State Bar's Economic Survey ("Economic Survey") to determine reasonable rates. LOCAL RULE OF CIVIL PROCEDURE 54–3(a); *see* OREGON STATE BAR 2017 ECONOMIC SURVEY, REPORT OF FINDINGS (Dec. 2017) available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

Standard retained DeLuca, of Markowitz Herbold PC, to represent them with regard to this interpleader action. Standard's attorney fees request seeks an hourly rate of $400.50 for DeLuca, and $211.50 for Laske, the paralegal. Per DeLuca's declaration (ECF No. 30), he provided the majority of work on Standard's case from March 10, 2018 to June 20, 2018. DeLuca states he graduated from New York University School of Law in 2005. After a short practice period in New York, he clerked for Oregon Supreme Court Justice Thomas A. Balmer from August 2006 to May 2008. He has practiced law at Markowitz Herbold since May 2008, and became a partner in 2013. DeLuca is licensed to practice law in Oregon, New York, and Washington. DeLuca's usual hourly rate is $445, yet Standard received a discounted rate of $400.50 per hour.[1] DeLuca also states Laske is an experienced paralegal who has worked at Markowitz Herbold since 2015. Prior to that, she was a paralegal in Minneapolis handling mass tort pharmaceutical and medical device cases.

The relevant Economic Survey, conducted in 2017, reveals the average hourly rate billed by attorneys in private practice in Portland, Oregon, was $324, with the 75th percentile billing at $400 per hour. A Portland attorney with sixteen to twenty years' experience billed at an average of $334 per hour, while the 75th percentile billed at an hourly rate of $400. A Portland attorney specializing in business or corporate litigation billed at an average of $367 per hour and the 75th percentile billed at $425 per hour. DeLuca's billing practices during the relevant period align with the 75th percentile of Portland attorneys. Due to DeLuca's expertise in the area of complex commercial litigation and adequate experience as a lawyer in general, $400.50 per hour is reasonable when compared to hourly rates charged by attorneys with a similar experience.

---

[1] In light of the Economic Survey, the rate of $400.50 is reasonable; the court need not address whether the regular rate of $445 is appropriate.

In regards to paralegal fees, the court notes that the billing rate of $211.50 per hour requested for Laske is similar to the billing rate for the average attorney in Oregon with four to six years experience. According to the Economic Survey, the rates for attorneys in the 25th percentile in Oregon are $190. In addition, the median billing rate for attorneys in Oregon is $220. In light of these comparisons, the court finds the rate of $211.50 per hour for Laske's work is excessive. *See Topness v. Cascadia Behavioral Healthcare*, No. 3:16-CV-2026-AC, 2017 WL 8895626, at *4 (D. Or. Oct. 17, 2017), report and recommendation adopted as modified, No. 3:16-CV-02026-AC, 2018 WL 1015536 (D. Or. Feb. 22, 2018) (finding $135 was reasonable rate for paralegal in 2017); *Marquez v. Harper Sch. Dist. No. 66*, No. 2:09-CV-01254-SU, 2012 WL 2469545, at *7 (D. Or. June 26, 2012) (approving paralegal hourly rate of $100); *Jansen v. Experian Information Solutions, Inc.*, No. 05-CV-385-BR, 2011 WL 846876, at *5 (D. Or. Mar. 9, 2011) (finding paralegal hourly rate of $140 excessive and reducing to $100 per hour). For the above mentioned reasons, an appropriate rate for Laske's work product is $150 per hour.

Furthermore, costs which are associated "with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *Lemus v. Timberland Apartments, LLC*, 876 F. Supp. 2d 1169, 1179-80 (D. Or. 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288, n.10 (1989)); *see Sterling Savings Bank v. Sequoia Crossing, LLC*, Civ. No. 09–555–AC, 2010 WL3210855, at *7 (D. Or. Aug. 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.") Therefore, the internal costs identified for copies and printing are not recoverable.

Though the court is granting the full amount of fees and costs requested, it is not to be taken as approval of the cited paralegal rate. Given that the total fees requested do not represent the hourly rate of the cited paralegal fees, the court views $8,775.10 in attorney fees and costs a reasonable request for bringing this interpleader action. Therefore, the court finds Standard is entitled to $8,775.10 in attorney fees and costs.

*Conclusion*

For the reasons stated above, Standard's unopposed Motion for Attorney Fees (ECF No. 29) is GRANTED. Standard may recover $8,775.10 in attorney fees and costs.

DATED this 20th day of August, 2018.

JOHN V. ACOSTA
United States Magistrate Judge